O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JOHN GUNNING,<br><br>                    Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>                    Defendant. | Case No. 2:15-CV-03839 (VEB)<br><br>DECISION AND ORDER |

## I. INTRODUCTION

In March of 2012, Plaintiff John Gunning applied for Disability Insurance Benefits and Supplemental Security Income ("SSI") benefits under the Social Security Act. The Commissioner of Social Security denied the applications. Plaintiff, represented by the Law Offices of Lawrence D. Rohlfing, Steve G.

1

Rosales, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 13, 14, 27, 28). On July 6, 2016, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 26).

## II. BACKGROUND

Plaintiff applied for benefits on March 22, 2012. (T at 152-60, 161-69).[1] The applications were denied initially and on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On August 27, 2013, a hearing was held before ALJ Joel B. Martinez. (T at 22). Plaintiff appeared with his attorney and testified. (T at 26-61). The ALJ also received testimony from John Komar, a vocational expert (T at 61-64).

On September 25, 2013, the ALJ issued a written decision denying the application for benefits. (T at 8-21). The ALJ's decision became the Commissioner's final decision on March 23, 2015, when the Appeals Council denied Plaintiff's request for review. (T at 1-5).

---

[1] Citations to ("T") refer to the administrative record at Docket No. 18.

On May 20, 2016, Plaintiff, acting by and through his counsel, filed this action seeking judicial review of the Commissioner's decision. (Docket No. 1). The Commissioner interposed an Answer on December 4, 2015. (Docket No. 17). The parties filed a Joint Stipulation on May 31, 2016. (Docket No. 25).

After reviewing the pleadings, Joint Stipulation, and administrative record, this Court finds that the Commissioner's decision must be reversed and this case be remanded for further proceedings.

### III. DISCUSSION

A.  **Sequential Evaluation Process**

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A),

1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the

claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**B.     Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is

supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th

Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

### C. Commissioner's Decision

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since January 1, 2007 (the alleged onset date) and met the insured status requirements of the Social Security Act through June 30, 2012. (T at 13). The ALJ found that Plaintiff's hypertension, history of renal stones, degenerative disc disease of the lumbar spine, and degenerative disc disease of the cervical spine were "severe" impairments under the Act. (Tr. 13).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 14).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 CFR § 416.967 (b), provided the

7

DECISION AND ORDER – GUNNING v COLVIN 2:15-CV-03839-VEB

work does not involve working at heights or working around and/or operating hazardous machinery or more than occasional climbing of ladders, ropes, or scaffolds. (T at 14).

The ALJ found that Plaintiff could perform his past relevant work as an inventory control specialist and shipping supervisor. (T at 16).

As such, the ALJ found that Plaintiff was not entitled to benefits under the Social Security Act from January 1, 2007 (the alleged onset date) through September 25, 2013 (the date of the ALJ's decision). (T at 16-17). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 1-5).

**D. Disputed Issue**

As set forth in the parties' Joint Stipulation (Docket No. 25), Plaintiff offers a single argument in support of his claim that the Commissioner's decision should be reversed. Plaintiff challenges the ALJ's credibility determination. This Court will address that argument below.

## IV. ANALYSIS

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the

claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the symptomatology alleged. See 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

In this case, Plaintiff testified as follows: He was 51 years old as of the date of the administrative hearing. He obtained a GED and completed one year of college. (T at 26). He lives with his girlfriend in an apartment. (T at 26). He was arrested two months prior to the hearing for drug paraphernalia, but the charges were resolved with community service. (T at 28). Plaintiff has a history of substance abuse involving methamphetamines. (T at 28-29). He had been clean for 20 months

prior to the hearing. (T at 29). Plaintiff conceded that had consistently denied a history of drugs when being treated by medical providers. (T at 30).

His last steady work was in 2003; his actual last employment was a 3 day period where Plaintiff worked at "LA Engineering" before being terminated due to substance abuse. (T at 30-31). He has supported himself with assistance from family and friends and was homeless for a period of time. (T at 37).

Migraine headaches, along with radiating neck pain, are a severe problem. (T at 39). Recurrent kidney stones, lower back pain, hypertension, anxiety, and depression are all issues. (T at 39). Financial problems limit his treatment options. (T at 39). He has never received treatment for his mental health complaints. (T at 41).

He can walk for 30 minutes at a time, but cannot stand for more than an hour. (T at 41). He can sit for about 30 minutes at a time. (T at 42). He can lift approximately 10 pounds, but is not sure. (T at 42). Severe headaches would prevent him from performing his past relevant work as an inventory clerk. (T at 43). He takes Imitrex for migraines, but it causes drowsiness, which would also interfere with his ability to work. (T at 44).

He treats regularly with a chiropractor due to hip pain, low back pain, and neck pain. (T at 46). He has avoided looking for work because of his severe

migraines, which can last from a day to 4 days, and his need to sleep during the daytime. (T at 51). The migraines make it practically impossible to concentrate. (T at 53-54). He has daily hot flashes, made worse by stress, which impair his ability to function. (T at 54).

It takes several minutes for Plaintiff to get out of bed in the morning due to pain. (T at 57). He can sit for 5-15 minutes, after which he needs to get up and walk around for 10-15 minutes. (T at 57-58). He can stand for 15-20 minutes before he needs to sit down. (T at 59). His girlfriend occasionally helps with putting his shoes on. (T at 60). Arthritis in his right hand causes pain. (T at 60).

The ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that his statements concerning the intensity, persistence, and limiting effects of the symptoms were not fully credible. (T at 16).

The ALJ's decision is strangely lacking in detail. Although the ALJ explored several issues that had potential bearing on Plaintiff's credibility during the administrative hearing (e.g. his criminal record, his substance abuse and apparent lack of honesty regarding that history, his activities of daily living), the ALJ's decision does not give meaningful consideration to these issues. Instead, the ALJ cited the lack of objective medical support for Plaintiff's subjective complaints and

cites Plaintiff's sporadic, conservative medical treatment as reasons for discounting his credibility. (T at 16). These reasons are insufficient to sustain the ALJ's decision.

The ALJ is correct that the record is lacking in objective support for Plaintiff's claims. Indeed, Plaintiff does not challenge this aspect of the ALJ's decision. In October of 2012, Dr. Sean To, a consultative examiner, diagnosed hypertension/chest pain/coronary disease; nephrolithiasis/kidney stones; and neck and back pain. (T at 902-03). Dr. To opined that Plaintiff could lift/carry 20 pounds occasionally and 10 pounds frequently; push/pull in unlimited amounts; stand/walk for 6 hours in an 8-hour workday with normal breaks; and sit for 6 hours. (T at 903). Dr. To concluded that Plaintiff was limited to occasional climbing ramps, stairs, ladders, and ropes, but could balance, stoop, kneel, crouch, and crawl without restrictions. (T at 903).

However, "[t]he fact that a claimant's testimony is not fully corroborated by the objective medical findings, in and of itself, is not a clear and convincing reason for rejecting it." *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001); *see also Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) ("While an ALJ may find testimony not credible in part or in whole, he or she may not disregard it solely because it is not substantiated affirmatively by objective medical evidence."); *Cotton*

*v. Bowen*, 799 F.2d 1403, 1407 (9th Cir. 1986) ("It is improper as a matter of law to discredit excess pain testimony solely on the ground that it is not fully corroborated by objective medical findings.").

With regard to the sporadic conservative nature of Plaintiff's treatment, Plaintiff's testimony is significant for statements that his ability to obtain treatment was limited by his dire financial circumstances, which included a period of homelessness. (T at 27, 39, 40, 49). The ALJ did not address this explanation in the decision. This was error. An ALJ must not draw an adverse inference from a claimant's failure to seek or pursue treatment "without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment." SSR 96-7p*; see also Dean v. Astrue*, No. CV-08-3042, 2009 U.S. Dist. LEXIS 62789, at *14-15 (E.D. Wash. July 22, 2009)(noting that "the SSR regulations direct the ALJ to question a claimant at the administrative hearing to determine whether there are good reasons for not pursuing medical treatment in a consistent manner").

In light of the foregoing, this Court finds that the reasons cited by the ALJ in support of the decision to discount Plaintiff's credibility are insufficient and the ALJ's decision cannot be sustained.

Where, as here, the ALJ's determination is not supported by substantial evidence or is tainted by legal error, the court may remand the matter for additional proceedings or an immediate award of benefits. Remand for additional proceedings is proper where (1) outstanding issues must be resolved, and (2) it is not clear from the record before the court that a claimant is disabled. *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

Here, this Court finds that remand for further proceedings is warranted. Although the ALJ did not provide legally sufficient reasons for discounting Plaintiff's credibility, it is also not clear from the record that Plaintiff is disabled. In addition to the paucity of objective medical evidence, there are reasons in the record that the ALJ could arguably have cited (but failed to cite) in support of a decision to discount Plaintiff's credibility (e.g. his criminal record, his substance abuse and apparent lack of honesty regarding that history, his activities of daily living). As such, this Court finds that a remand for further proceedings is the appropriate remedy in this particular case.

# V. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered REVERSING the Commissioner's decision and REMANDING this matter for further proceedings consistent with this Decision and Order, and it is further ORDERED that

The Clerk of the Court entered file this Decision and Order, serve copies upon counsel for the parties, enter Judgment in favor of Plaintiff, and CLOSE this case without prejudice to a timely application for attorneys' fees and costs.

Dated this 23rd day of August, 2016,

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE